Jack Atnip, III, CA Bar No. 204457
*jatnip@hjlawfirm.com*
**HELLMUTH & JOHNSON, PLLC**
8050 West 78th Street
Edina, Minnesota  55439
Tel: (952) 941-4005
Fax:  (952) 941-2337

Additional Counsel Listed on Signature Page
*Attorneys for Plaintiff and Proposed Classes*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

---

ROBERT MOBBS,

     Plaintiff, on behalf of himself
     and all others similarly situated,

     v.

EQUIFAX INC. and EQUIFAX
INFORMATION SERVICES LLC,

     Defendants.

Court File No.: _____

**CIVIL COMPLAINT**
**CLASS ACTION**
**DEMAND FOR JURY TRIAL**

---

Plaintiff Robert Mobbs ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against EQUIFAX INC. and EQUIFAX INFORMATION SERVICES LLC ("Defendants") and respectfully alleges the following:

## I.   NATURE OF THE ACTION

1.     This action arises from one of the largest data security breaches ever to occur in the United States.

2.     As a result of this breach Plaintiff and the millions of individuals whose sensitive personal data was made accessible now face substantial risk of further injury from identity theft, credit and reputational harm, false tax claims or even extortion.

3.     Plaintiff brings this class action suit on behalf of himself and all others similarly situated to redress Defendants' failure to adequately safeguard confidential personal information and related data.

## II.   JURISDICTION AND VENUE

4.     This Court has original jurisdiction pursuant to 28 U.S.C.A. § 1332(d)(2) in that the matter in controversy exclusive of interest and costs exceeds the sum of $5,000,000, and is a class action in which members of the Class are citizens of a state different from Defendants.

5.     This Court has personal jurisdiction over Defendants because they conduct significant business in this District and the unlawful conduct alleged in the Complaint occurred in, was directed to and/or emanated from this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's and putative Class Members' claims occurred in this jurisdiction. Defendants are authorized to do business in this District and are subject to personal jurisdiction in this District.

---

CLASS ACTION COMPLAINT

## III.   PARTIES

7.   Plaintiff Robert Mobbs is a citizen of the State of California, County of Alameda.

8.   Defendant Equifax Inc. is a global consumer credit reporting agency incorporated in Georgia, with its principal place of business at 1500 Peachtree Street NW, Atlanta, Georgia.

9.   Equifax along with Experian and TransUnion is one of the three largest credit-reporting firms in the U.S. Equifax organizes and analyzes data on more than 820 million consumers and more than 91 million businesses worldwide. Equifax's databases hold employee data submitted by more than 7,100 employers.

10.   Equifax Information Services LLC operates as a subsidiary of Equifax Inc., and collects and reports consumer information to financial institutions. Equifax Information Services LLC is incorporated in Georgia, with its principal place of business at 1500 Peachtree Street NW, Atlanta, Georgia.

11.   Defendants do business nationwide, including in this District.

12.   Upon information and belief the wrongful acts and/or decisions by Defendants leading to this data breach occurred nationwide and in this District.

## IV.   FACTUAL BACKGROUND

13.   On September 7, 2017, Defendants publicly disclosed a massive data security breach that affected approximately 144 million American consumers.

14.   Equifax has stated that the cyberattack was discovered on July 29, 2017. Even though it discovered the attack in July, and despite the breadth and severity of the release, Equifax waited approximately six weeks before publicly announcing the breach.

15.   Defendants first indicated that the attack was carried out from mid-May to July, 2017.

16.   Equifax has now admitted that its systems were breached in March, 2017, three months earlier than previously acknowledged.

---

CLASS ACTION COMPLAINT

17.     Defendants admit that their U.S. website application had a security "vulnerability" that allowed third parties to access a vast amount of individual personal identifying information.

18.     As a result of Defendants' actions the Social Security numbers, birth dates, addresses, driver's license numbers and other confidential personal information ("Confidential Personal Information") of millions of U.S. consumers were unlawfully accessed by hackers. Hackers also gained access to credit-card numbers for approximately 209,000 consumers as well as dispute records containing the Confidential Personal Information of roughly 182,000 consumers.

19.     None of the individuals whose Confidential Personal Information was compromised by the hacking authorized such access or disclosure by Defendants.

20.     Defendants themselves have stated that Confidential Personal Information was accessed by – and therefore presumably is in the hands of – "criminals."

21.     Defendants purport to be sophisticated companies with "industry expertise" in handling "trusted unique data," including the highly sensitive and Confidential Personal Information of individual consumers like Plaintiff.

22.     Despite these representations Defendants have been sued, investigated and fined multiple times in recent years for fundamental flaws in their electronic systems that store and handle Confidential Personal Information.

23.     After more than a month Equifax established a website that allows U.S. Consumers to determine whether their data may have been compromised and enroll in free credit monitoring.

24.     The website Equifax set up and directed consumers to use to check whether their Confidential Personal Information had been compromised was itself fraught with security risks. The site has a flawed Transport Layer Security implementation and runs on free blogging software unsuitable for secure applications.

---

CLASS ACTION COMPLAINT

25.     The site also asks consumers to provide their last name as well as the last six digits of their social security numbers without any assurance that the information would be secure. It fails to warn consumers to use a secure computer or encrypted network to transmit such sensitive information.

26.     In fact the site appears to generate the same responses regardless of whether a consumer enters valid or fictional information.

27.     The site asks consumers to enroll in an Equifax product (TrustedID) that requires consumers to provide additional sensitive personal information.

28.     In order to use the TrustedID free credit monitoring the site also inconspicuously requires consumers to waive certain legal rights and submit disputes to individual arbitration.

## V.   CLASS ACTION ALLEGATIONS

29.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein, and further alleges as follows.

30.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action under Rule 23 of the Federal Rules of Civil Procedure.

31.     Plaintiff brings claims on behalf of the Class which is defined as:

> All United States residents whose Confidential Personal Information became accessible in either Equifax data breach disclosed on September 7, 2017 or September 18, 2017.

32.     Plaintiff also brings this action on behalf of the California Subclass which is defined as:

> All residents of the State of California whose Confidential Personal Information became accessible in either Equifax data breach disclosed on September 7, 2017 or September 18, 2017.

33.     Excluded from the Class and California Subclass are: a) any Judge or Magistrate presiding over this action and members of their families; b) Defendants, Defendants' subsidiaries, parents, successors, predecessors and any entity in which Defendants or their parents have a controlling interest and their current or former employees; c) persons who properly execute and file a timely request

for exclusion from the Class; d) the legal representatives, successors or assigns of any such excluded persons; e) all persons who have previously had claims finally adjudicated or who have released their claims against Defendants similar to those alleged herein; and f) any individual who contributed to the unauthorized access of the Confidential Personal Information held by Defendants.

34.    While the exact number and identities of the Class Members are unknown at this time and can only be ascertained through appropriate discovery, on information and belief the Class is so numerous – over one hundred and forty-three million (143,000,000) –that joinder of all Class Members is impracticable.

35.    Defendants' wrongful conduct affected all of the Class Members in precisely the same way, including: a) Defendants improperly and inadequately stored consumers' Confidential Personal Information; b) Defendants failed to safeguard consumers' Confidential Personal Information; c) Defendants failed to immediately notify consumers of the data breach and/or notify them directly as soon as practicable after discovering the data breach; and d) Defendants failed to monitor and ensure compliance with pertinent data security standards, statutes and regulations.

36.    Questions of law and fact common to all Plaintiff and Class Members predominate over any questions affecting only individual Class Members including without limitation:

      a.    Whether Defendants' owed duties to Class Members under federal and state law to protect their Confidential Personal Information, provide timely notice of unauthorized access to this information and provide meaningful and fair redress;

      b.    Whether Defendants breached these duties;

      c.    Whether Defendants acted wrongfully by improperly monitoring, storing and/or failing to properly safeguard consumers' Confidential Personal Information;

---

**CLASS ACTION COMPLAINT**

d.  Whether Defendants knew or reasonably should have known about the deficiencies in their data storage systems;

e.  Whether Defendants willfully failed to design, employ and maintain a system adequate to protect consumers' personal information;

f.  Whether representations that Defendants made about the security of their systems were false or misleading;

g.  Whether Defendants' failures resulted in the statutory and common law breaches alleged herein; and

h.  Whether Defendants failed to properly and timely notify Plaintiff and Class Members of the breach as soon as practical after it was discovered.

37.     Plaintiff's claims are typical of the claims of all Class Members because such claims arise from the Defendants' wrongful conduct, as alleged above, pertaining to Plaintiff's and Class Members' Confidential Personal Information. Plaintiff has no interests antagonistic to the interests of the other Class Members.

38.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained competent counsel experienced in complex commercial litigation and class actions to represent himself and the Class.

39.     This class action also provides a fair and efficient method for adjudicating the claims of Plaintiff and Class Members for the following reasons:

a.  common questions of law and fact predominate over any question affecting any individual Class Member;

b.  the prosecution of separate actions by individual Class Members would likely create a risk of inconsistent or varying adjudications with respect to individual

Class Members thereby establishing incompatible standards of conduct for the Defendants and/or would allow some Class Members' claims to adversely affect the ability of other Class Members to protect their interests;

c.   Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d.   The Class is readily definable. Prosecution as a class action will eliminate the possibility of repetitious litigation while also providing redress for claims that may be too small to support the expense of individual complex litigation.

40.   For these reasons a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Certification therefore is appropriate under Rule 23(b)(1) or (b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**Violations of the Fair Credit Reporting Act ("FCRA")**
**15 U.S.C. § 1681**
**(On Behalf of the Nationwide Class)**

41.   Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

42.   Plaintiff and Class Members are individual consumers within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

43.   The Confidential Personal Information at issue was a "consumer report" within the meaning of the FCRA (15 U.S.C. § 1681a(d)) because the Confidential Personal Information was a communication of information that bears on the credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living of Plaintiff and Class Members that was expected to be used or collected to serve as a factor in establishing Plaintiff's and Class Members' eligibility for credit.

---

CLASS ACTION COMPLAINT

44.     Defendants are consumer reporting agencies within the meaning of the FCRA (15 U.S.C. § 1681e(a)) because they regularly engage, for monetary fees, in assembling and evaluating consumer credit information and other consumer information for the purpose of furnishing consumer reports to third parties such as banks, cell phone carriers and other lenders and retailers.

45.     Under the FCRA Defendants were required to maintain reasonable procedures that are designed to limit the furnishing of consumer reports to six circumstances ("purposes") identified at 15 U.S.C. § 1681b.

46.     Defendants violated the FCRA by furnishing the personal information in various consumer reports to the unauthorized individuals or entities that accessed the Confidential Personal Information through the Equifax website because furnishing consumer reports in such circumstances is not one of the permitted "purposes" under the FCRA. In addition Defendants failed to maintain reasonable technological or other procedures designed to prevent such impermissible furnishing of consumer reports.

47.     In light of Defendants' knowledge, experience and expertise in consumer data security, prior failures in their systems and the vast nature of this breach which affected such core consumer information and went on for so long without detection and disclosure, it also is clear that Defendants acted willfully or recklessly in their failure to safeguard the Confidential Personal Information at issue herein.

48.     Defendants' willful and/or reckless violations of the FCRA provided the means for third parties to access, obtain and misuse the Confidential Personal Information of Plaintiff and Class Members without authorization and for purposes not permitted by the FCRA.

49.     Defendants' violation of their duties under the FCRA constitutes a de facto injury to Plaintiff and Class Members. In addition Defendants' violation of the FCRA has directly and

proximately injured Plaintiff and Class Members including by foreseeably causing them to expend time and resources investigating the extent to which their personal information has been compromised, taking reasonable steps to minimize the extent to which the breach puts their credit, reputation and finances at risk, and taking reasonable steps (now or in the future) to redress fraud, identity theft and similarly foreseeable consequences of criminals obtaining the personal information.

50.     Pursuant to 15 U.S.C. § 1681n(a)(1)–(3), Plaintiff and Class Members are entitled to recover their attorney's fees and costs for Defendants' negligent and willful non-compliance with the FCRA.

## SECOND CLAIM FOR RELIEF

### Breach of Fiduciary Duty
### (On Behalf of the Nationwide Class)

51.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein, and further alleges as follows.

52.     By virtue of their possession, custody and/or control of Plaintiff's and Class Members' Confidential Personal Information and their duty to properly monitor and safeguard it Defendants were and continue to be in a confidential, special and/or fiduciary relationship with Plaintiff and Class Members. As fiduciaries Defendants owed and continue to owe Plaintiff and Class Members:

        a.   the commitment to deal fairly and honestly;

        b.   the duties of good faith and undivided loyalty; and

        c.   integrity of the strictest kind.

53.     Defendants were and continue to be obligated to exercise the highest degree of care in carrying out their responsibilities to Plaintiff and Class Members under such confidential, special and/or fiduciary relationships.

---

CLASS ACTION COMPLAINT

54.     Defendants breached their fiduciary duties to Plaintiff and Class Members by, inter alia, improperly storing, monitoring and/or safeguarding Plaintiff's and Class Members' Confidential Personal Information.

55.     To the extent that Defendants are fiduciaries who did not breach the duties outlined above Defendants are nonetheless liable because they had knowledge of the breaches of fiduciary duty committed by other fiduciaries and did not make reasonable efforts under the circumstances to remedy such fiduciary breaches.

56.     To the extent that Defendants are not fiduciaries Defendants are nonetheless liable because they engaged in transactions with a breaching fiduciary under circumstances in which they knew or should have known about such fiduciary breaches.

57.     Defendants breached their fiduciary duties to Plaintiff and Class Members by their wrongful actions described above. Defendants willfully and wantonly breached their fiduciary duties to Plaintiff and Class Members or, at the very least, committed these breaches with conscious indifference and reckless disregard of their rights and interests.

### THIRD CLAIM FOR RELIEF

**Negligence**
**(On Behalf of the Nationwide Class)**

58.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein, and further alleges as follows.

59.     Defendants were and continue to be in confidential, special and/or fiduciary relationships with Plaintiff and Class Members by virtue of being entrusted with their Confidential Personal Information. At the very least, therefore, Defendants assumed a duty and had duties imposed upon them by regulations and common law to use reasonable care to keep Plaintiff's and Class Members'

---

### CLASS ACTION COMPLAINT

Confidential Personal Information private and secure including a duty to comply with applicable data security standards, statutes and/or regulations.

60.     Defendants also had a duty to timely inform Plaintiff and Class Members of the breach and the fact that their Confidential Personal Information had been stolen and/or compromised. And upon learning of the breach Defendants had a duty to take immediate action to protect Plaintiff and Class Members from the foreseeable consequences of the breach. By their acts and omissions described herein Defendants unlawfully breached their duty, and Plaintiff and Class Members were harmed as a direct result.

61.     Defendants knew or should have known that their computer network for processing and storing consumers' Confidential Personal Information had security vulnerabilities. Defendants were negligent by continuing to accept, process and store such information in light of these computer network vulnerabilities and the sensitivity of the Confidential Personal Information stored within.

62.     The breach and the resulting damages suffered by Plaintiff and Class Members were the direct and proximate result of a number of negligent actions and omissions, including but not limited to:

> a.  Defendants' improper retention and storage of Plaintiff's and Class Members' Confidential Personal Information;
>
> b.  Defendants' failure to use reasonable care to implement and maintain appropriate security procedures necessary to protect such information from unlawful intrusion and access;
>
> c.  Defendants' delay in notifying Plaintiff and Class Members about the breach for more than a month; and
>
> d.  Defendants' failure to take immediate and effective action to protect Plaintiff and Class Members from potential and foreseeable damage.

---

CLASS ACTION COMPLAINT

63.     Defendants' wrongful actions constitute negligence.

64.     When Defendants gathered and transmitted consumers' Confidential Personal Information, they came into the possession, custody and control of this sensitive information, and as such, were and continue to be in confidential, special and/or fiduciary relationships with Plaintiff and Class Members. At the very least Defendants had a duty to monitor and safeguard such information to keep it private and secure including a duty to ensure that Defendants complied with applicable data security standards, statutes and/or regulations.

65.     Defendants knew or should have known that their network for processing and storing consumers' Confidential Personal Information had security vulnerabilities. Indeed Defendants were aware in March 2017 of the security vulnerabilities of their data due to unlawful access by hackers but yet failed to take all necessary steps to preclude the later hacker access. Defendants were negligent in continuing to maintain and process such Confidential Personal Information in light of those vulnerabilities and the sensitivity of the information.

66.     The breach was a direct and/or proximate result of Defendants' failure to use reasonable care to ensure that they maintained appropriate security procedures reasonably designed to protect Plaintiff's and Class Members' Confidential Personal Information. Defendants' wrongful conduct constitutes negligence.

67.     Plaintiff and Class Members have not in any way contributed to the security breach or the compromise or theft of their Confidential Personal Information from Defendants.

### FOURTH CLAIM FOR RELIEF

### Negligence Per Se
### (On Behalf of the Nationwide Class)

68.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein, and further alleges as follows.

---

CLASS ACTION COMPLAINT

69.     Pursuant to the Gramm-Leach-Bliley Act (the "Act"), 15 U.S.C. § 6801, Defendants had a duty to protect and keep consumers' Confidential Personal Information secure, private and confidential.

70.     Defendants violated the Act by not adequately safeguarding Plaintiff's and Class Members' Confidential Personal Information, as defined under the Act, and by not adequately monitoring and ensuring that Defendants complied with data security standards, card association standards, statutes and/or regulations designed to protect such Confidential Personal Information.

71.     Defendants also failed to comply with data security standards, statutes and regulations prohibiting the storage of unprotected Confidential Personal Information.

72.     Defendants' failure to comply with the Act, industry standards and/or regulations constitutes negligence per se.

**FIFTH CLAIM FOR RELIEF**

**Breach of Contract**
**(On Behalf of the Nationwide Class)**

73.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein, and further alleges as follows.

74.     Plaintiff and Class Members were parties to actual or implied contracts with Defendants that required Defendants to properly safeguard their Confidential Personal Information from theft, compromise and/or unauthorized disclosure.

75.     Additionally Plaintiff and Class Members were third party beneficiaries to contracts and/or agreements by and between Defendants and other institutions and networks. These agreements required Defendants to properly safeguard Confidential Personal Information from theft, compromise and unauthorized disclosure.

---

CLASS ACTION COMPLAINT

76.     Defendants breached their agreements with Plaintiff and Class Members by failing to properly safeguard Confidential Personal Information from theft, compromise and/or unauthorized disclosure. Defendants' wrongful conduct constitutes breach of contract.

### SIXTH CLAIM FOR RELIEF

**Common Law Invasion of Privacy
(On Behalf of the Nationwide Class)**

77.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein, and further alleges as follows.

78.     Plaintiff specifically incorporates in this claim the allegations set forth in the Statement of Facts above.

79.     Defendants are and were not authorized to disclose, transmit or otherwise allow access to Plaintiff's and Class Members' Confidential Personal Information to unauthorized persons.

80.     As a result of Defendants' conduct Plaintiff and the Class Members' Confidential Personal Information was disclosed to or allowed to be accessed by unauthorized persons.

81.     Defendants' conduct alleged herein was highly offensive and egregious and would be offensive to a reasonable person as well as an egregious breach of the social norm.

82.     Defendants' conduct violated Plaintiff and the Class Members' common law right of privacy.

83.     Defendants' conduct directly resulted in substantial damages and irreparable harm to Plaintiff and the Class Members.

84.     Defendants' conduct was intentional, reckless and/or negligent.

85.     Plaintiff and the Class Members are entitled to damages in an amount to be proven at trial, punitive damages, injunctive relief and attorney's fees.

---

### CLASS ACTION COMPLAINT

## SEVENTH CLAIM FOR RELIEF

### Violation of California Civil Code §§ 1798.80, *et seq.*
### (On Behalf of the California Subclass)

86.     Plaintiff incorporates each paragraph of this Complaint as if set forth fully herein, and further alleges as follows.

87.     Plaintiff brings this Count on behalf of himself and the California Subclass.

88.     At all times pertinent to the allegations in this Complaint Cal. Civ. Code §§ 1798.80, *et seq.* was in full force and effect.

89.     Defendants are "Businesses" as defined in Cal. Civ. Code § 1798.80(a).

90.     Plaintiffs and Members of the California Subclass are "Individuals" as defined in Cal. Civ. Code § 1798.80(d).

91.     The Confidential Personal Information described in this Complaint is "Personal information" as defined in Cal. Civ. Code § 1798.80(e) and § 1798.82(h).

92.     The data security breach described in this Complaint is a "breach of the security of the system" as defined in Cal. Civ. Code § 1798.82(g).

93.     Cal. Civ. Code § 1798.82(a) mandates that Defendants "shall disclose a breach of the security of the system . . . in the most expedient time possible and without unreasonable delay."

94.     Defendants violated Cal. Civ. Code § 1798.82 by failing to provide notice to Plaintiff or the Members of the California Subclass within a reasonable time, waiting nearly six weeks to disclose the breach publicly and even longer to notify individuals affected.

95.     As a result of this unreasonable delay Plaintiff and the California Subclass Members have incurred damages in an amount to be proven at trial.

**EIGHTH CLAIM FOR RELIEF**

**Violation of Unfair Business Practices Act**
**California Business & Professions Code §§ 17200, *et seq.***
**(On Behalf of the California Subclass)**

96.    Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth herein, and further alleges as follows.

97.    Plaintiff brings this cause of action on behalf of himself and the members of the California Subclass.

98.    California Business and Professions Code section 17200 prohibits "any unlawful, unfair or fraudulent business act or practice." For the reasons described above Defendants have engaged in unfair or fraudulent business acts or practices in violation of California Business and Professions Code sections 17200, *et seq.*

99.    Defendants' misrepresented that they were sophisticated companies with "industry expertise" in handling "trusted unique data," including the highly sensitive and Confidential Personal Information of individual consumers like Plaintiff.

100.    Defendants' misrepresentations constitute "unfair" business acts and practices within the meaning of California Business and Professions Code sections 17200 *et seq.*, in that Defendants' conduct was injurious to consumers, offended public policy and was unethical and unscrupulous. Defendants' violation of California's consumer protection and unfair competition laws in California resulted in harm to consumers.

101.    Plaintiff and members of the California Class have been injured in fact, suffering losses of time and resources investigating the effects of the breach and taking preventative measures to minimize their substantial risk of further injury from identity theft, credit and reputational harm, false tax claims or even extortion as a result of Defendants' fraudulent, unlawful and unfair business practices.

---

CLASS ACTION COMPLAINT

102.    Defendants have thus engaged in unlawful, unfair and fraudulent business acts entitling Plaintiff and members of the Class to judgment and equitable relief against Defendants as set forth in the Prayer for Relief.

### NINTH CLAIM FOR RELIEF

**Declaratory Judgment**
**(On Behalf of the Nationwide Class)**

103.    Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth herein, and further alleges as follows.

104.    As set forth above Plaintiff and the Class Members have valid common law and statutory claims against Equifax. An actual controversy has arisen in the wake of Equifax's Data Breach regarding Equifax's current obligations to provide reasonable internet security measures to protect Confidential Personal Information of Plaintiff and the Class Members.

105.    Plaintiff thus seeks a declaration that to comply with its existing obligations Equifax must implement specific additional, prudent industry security practices, as outlined below, to provide reasonable protection and security to the Confidential Personal Information of the Plaintiff and the Class Members. Specifically Plaintiff and the Class Members seek a declaration that:

    a.   Equifax's existing internet security measures do not comply with its obligations, and

    b.   that to comply with its obligations Equifax must implement and maintain reasonable internet security measures on behalf of Plaintiff and the Nationwide Class including, but not limited to:

        i.   engaging third party internet security testers as well as internal security personnel to conduct testing consistent with prudent industry practices

---

CLASS ACTION COMPLAINT

including simulated attacks, penetration tests and audits on Equifax's internet security measures on a periodic basis;

ii. engaging third party interest security testers and internal personnel to run automated security monitoring of Equifax's websites and databases consistent with prudent industry practices;

iii. auditing, testing and training Equifax's internal internet security personnel regarding any new or modified procedures;

iv. conducting regular website, internet and online database scanning and security checks consistent with prudent industry practices;

v. periodically conducting internal training and education to inform internal personnel how to identify and contain a data breach when it occurs and what to do in response to a breach consistent with prudent industry practices;

vi. receiving periodic compliance audits by a third party regarding the security of the Equifax's online websites and databases it uses to store the Confidential Personal Information of its customers;

vii. providing ongoing identity theft protection, monitoring and recovery services to Plaintiff and Class Members.

106.  The Plaintiff and each Class Member is entitled to a declaration of rights providing that Equifax is obligated, pursuant to terms established by the Court, to reimburse said individuals for any and all future harm caused by the data breach.

## VI.  PRAYER FOR RELIEF

107.  As a direct and/or proximate result of Defendants' wrongful conduct Plaintiff and Class Members have sustained and will continue to sustain damages in the form of: a) the unauthorized

---

CLASS ACTION COMPLAINT

disclosure and/or compromise of their confidential personal information; b) monetary losses and damage to credit from fraudulent charges made on their accounts; and c) the burden and expense of credit monitoring.

108.    Plaintiff and Class Members' damages were reasonably foreseeable by Defendants.

109.    Plaintiff and Class Members are entitled to equitable relief to prevent any additional harm including, but not limited to, provision of credit monitoring services for a period of time to be determined by the trier of fact.

110.    Plaintiff and Class Members are entitled to recover their reasonable and necessary attorneys' fees, litigation expenses and court costs.

WHEREFORE, Plaintiff, and on behalf of himself and all other similarly situated Class Members, respectfully request that this Court:

111.    Certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, appoint Plaintiff as representatives of the Class and the California Subclass and appoint Plaintiff's counsel as Class Counsel;

112.    Enter judgment in favor of Plaintiff, the Class and the California Subclass against Defendants under the legal theories alleged herein;

113.    Award damages and/or equitable relief in an amount to be determined by the trier of fact;

114.    Award attorneys' fees, expenses and costs of suit;

115.    Award pre-judgment and post-judgment interest at the maximum rate allowed by law; and

116.    Such other and further relief as to this Court may deem necessary, just and proper.

**VII.    JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all the claims and causes of action so triable.

Respectfully submitted,

**HELLMUTH & JOHNSON, PLLC**

Dated:  October 10, 2017                  By: /s/Jack Atnip, III_____
                                              Jack Atnip, III, CA Bar No. 204457
                                              8050 West 78th Street
                                              Edina, Minnesota 55439
                                              Tel: (952) 941-4005
                                              Fax:  (952) 941-2337
                                              Email: jatnip@hjlawfirm.com


                                              *To be Admitted Pro Hac Vice:*
                                              Richard M. Hagstrom, MN Bar No. 0039445
                                              Michael R. Cashman, MN Bar No. 0206945
                                              Gregory S. Otsuka, MN Bar No. 0397873
                                              8050 West 78th Street
                                              Edina, Minnesota 55439
                                              Tel: (952) 941-4005
                                              Fax:  (952) 941-2337
                                              Emails:   rhagstrom@hjlawfirm.com
                                                        mcashman@hjlawfirm.com
                                                        gotsuka@hjlawfirm.com

                                              **ATTORNEYS FOR PLAINTIFF ROBERT
                                              MOBBS AND PROPOSED CLASSES**

CLASS ACTION COMPLAINT